UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LIBRADO FORTANEL,

                    Plaintiff,

          v.

C. E. DUCART, et al.,

                    Defendants.

Case No. 16-cv-03946-PJH

**ORDER OF DISMISSAL**

Re: Dkt. No. 43

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. The court granted defendants' motion to dismiss and dismissed the complaint with leave to amend. Plaintiff's amended complaint was dismissed with leave to amend and he has filed a second amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim

is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff states that he has received inadequate medical care.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.*

The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id*. at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id*. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

In the original complaint plaintiff alleged that he suffered from coccidioidomycosis, also known as valley fever. He identified nine defendants and stated they failed to properly treat him while at Pelican Bay State Prison. The court granted defendants' motion to dismiss for failure to state a claim noting that plaintiff failed to link the defendants with specific actions or specific failures to treat him. The court noted that plaintiff only provided bare and conclusory allegations that defendants did not provide treatment, and there were no allegations against several of the defendants. The court dismissed the complaint with leave to amend and discussed the best manner to file an amended complaint and reminded plaintiff that he must include all claims, defendants and allegations in the amended complaint. Plaintiff's first amended complaint was only three pages long and failed to provide sufficient information and was dismissed with leave to amend.

Plaintiff's instant second amended complaint while longer and presenting more

3

allegations and factual background still fails to state claim.  While plaintiff mentions deliberate indifference he mostly focuses on medical negligence and alleges that defendants breached their duty of care.  While plaintiff presents allegations against each defendant, even liberally construed, plaintiff fails to present a cognizable claim of deliberate indifference.  While plaintiff had serious medical needs a review of his various filings and exhibits demonstrates that he received extensive medical care but he disagrees with the treatment provided which fails to state a constitutional violation.  Plaintiff also concedes that the symptoms began to subside.  He contends that he suffered adverse effects of the valley fever but has failed to show that this was because of any lack of treatment on behalf of defendants that would rise to the high standard for deliberate indifference claims.  While plaintiff became asthmatic he was provided an inhaler and staff is now considering a steroid inhaler.  Because plaintiff has already been provided several opportunities to amend and has still failed to demonstrate a constitutional violation and further amendment would be futile, this action is dismissed without leave to amend.

## CONCLUSION

1.  The motion to file a second amended complaint (Docket No. 43) is **GRANTED** and the court has considered the filing.  For the reasons set forth above this action is **DISMISSED** with prejudice for failure to state a claim.

2.  The clerk shall close this case.

**IT IS SO ORDERED.**

Dated: June 15, 2018

PHYLLIS J. HAMILTON
United States District Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LIBRADO FORTANEL,

         Plaintiff,

     v.

C. E. DUCART, et al.,

         Defendants.

Case No. 16-cv-03946-PJH

**CERTIFICATE OF SERVICE**

     I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

     That on June 15, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Librado Fortanel ID: J-54101
Deuel Vocational Institution
P.O. Box 600, Cell D-227
Tracy, CA 95378-0600

Dated: June 15, 2018

Susan Y. Soong
Clerk, United States District Court

By:_____
Kelly Collins, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON